**[J-98-2019] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| KAREN HARRISON, | : | No. 51 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 365 EDA 2018 |
| | : | dated December 12, 2018 Affirming |
| v. | : | in Part and Vacating in Part the |
| | : | Order of the Lehigh County Court of |
| | : | Common Pleas, Civil Division, at |
| HEALTH NETWORK LABORATORIES | : | No. 2016-C-1469 dated December |
| LIMITED PARTNERSHIPS, AND LEHIGH | : | 19, 2017 and Remanding. |
| VALLEY HEALTH NETWORK, INC., | : | |
| | : | ARGUED: November 19, 2019 |
| Appellants | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                                    **DECIDED:  June 16, 2020**

I join the Majority in concluding that Subsection 12(b) of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 962(b), permits an individual to bring a claim under the Pennsylvania Whistleblower Law, *id.* §§ 1421-1428.  Additionally, I join the substance of Chief Justice Saylor's Concurring Opinion, as I believe he correctly interprets the plain text of Subsection 12(b) to allow an election of remedies when a plaintiff brings a claim that is cognizable under Section 5 of the PHRA, *id.* § 955.[1]

While the interpretation adopted by Chief Justice Saylor technically does not overrule our decision in *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917 (Pa.

---

[1]      I note that Chief Justice Saylor's interpretation of Subsection 12(b) is at odds with that of the Superior Court and trial court in this case.  *See Harrison v. Health Network Labs. Ltd. P'ships*, 365 EDA 2018, 2018 WL 6520982, at *4 (Pa. Super. Dec. 12, 2018); Trial Ct. Op., 2/9/2018, at 4.  But the lower courts' rulings with regard to any possible PHRA claim are not before this Court.

1989) (holding that a plaintiff alleging discrimination under Section 3 of the PHRA, 43 P.S. § 953, first must file a complaint with the Pennsylvania Human Relations Commission), his interpretation nonetheless would have far-reaching consequences for the PHRA. Chief Justice Saylor correctly notes that "Section 5 delineates a broader list of unlawful discriminatory practices" than are found in Section 3. Conc. Op. at 2 (Saylor, C.J.). Indeed, it appears that at least a substantial proportion of those actions prohibited by Section 3 also are prohibited by Section 5. Section 3, per *Clay*, still requires that a plaintiff file his or her complaint with the Pennsylvania Human Relations Commission ("PHRC"). But if our Commonwealth's courts are to adopt Chief Justice Saylor's (in my view, correct) interpretation of Subsection 12(b), in many cases that same plaintiff could cite Section 5, rather than Section 3, as a way to file first in a trial court and effectively evade *Clay*'s requirement of exhausting remedies in the PHRC.

Because the plain text of Subsection 12(b) clearly states that an individual aggrieved under Section 5 may choose to file either in the PHRC or in a trial court, we have no choice but to conclude that this was the General Assembly's intent. *See Commonwealth v. Griffith*, 32 A.3d 1231, 1235 (Pa. 2011) ("In general, the best indication of legislative intent is the plain text of the statute."). Since we decided *Clay* in 1989, the General Assembly may have been under the impression that Subsection 12(b) required filing in the PHRC first. I express no view as to whether the PHRA's protections best can be effectuated by requiring a plaintiff first to file with the PHRC or by allowing a plaintiff to choose between the PHRC and a trial court. I wish only to make clear that Chief Justice Saylor's interpretation of Subsection 12(b) may negate a scheme upon which the courts (and possibly the General Assembly) have relied for over thirty years. Under our system of government, the General Assembly has the sole prerogative to enact statutory law, including amendments to the PHRA. *See* PA. CONST. art. II, § 1. Thus, while the General

Assembly may amend the PHRA at will, Subsection 12(b) of the PHRA currently "convey[s] . . . that an aggrieved person should have an election of remedies relative to any of the unlawful discriminatory practices set forth in Section 5." Conc. Op. at 2-3 (Saylor, C.J.). That is the result that the General Assembly has demanded, and, absent any claim that such a provision violates either of our Constitutions, we must enforce the law as written.